IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELVIN NICHOLAS            § | | |
|       Petitioner   § | | |
| V.                         § | | |
|                            § | | |
| SHERIFF GREG HAMILTON      § | A-15-CV-00323-RP-ML | |
|       Respondent   § | | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN,
UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's § 2241 Petition for habeas corpus relief, received April 23, 2015 [Clerk's Dkt. #1]. The Petition has been referred to the undersigned by United States District Judge, Robert Pitman, for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.     BACKGROUND**

Petitioner complains of his March 11, 2015 arrest and his continuing detention at the Travis County Correctional Center in Del Valle, Texas. [Dkt. #1] at 1. He asserts his arrest was unlawful because it was based on false information. *Id.* at 3, 8. He further argues the officer had no authority or jurisdiction to arrest him, *id.*, but this argument relates back to his original contention that the arrest was founded on "faulty or tainted information demons." *Id.* Petitioner asks the court to enter judgment setting aside the indictment, discharging the prosecution, and releasing the prisoner from confinement. *Id.* at 9.

**II.     DISCUSSION**

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under § 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Well-settled case law holds, however, that the petitioner must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether he seeks relief pursuant to § 2241 or § 2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523. The state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. S*ee Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

Because Nicholas seeks relief pursuant to 28 U.S.C. § 2241, and habeas corpus is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. A review of the Texas Court of Criminal Appeals' docket reflects that Nicholas has not filed a petition for review or a writ of

habeas corpus with that court. Thus, Nicholas has not satisfied the exhaustion requirement as to the claims presented in the instant § 2241. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, the Petition should be dismissed for failure to exhaust all available state court remedies.

### III. CONCLUSION

Accordingly, the undersigned RECOMMENDS Petitioner's § 2241 Petition [Dkt. #1] be DISMISSED without prejudice for failure to exhaust all state court remedies.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 23rd day of June, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE